FILED

JUN 10 2016

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301



**United States Department of Justice**

***William J. Ihlenfeld, II***
*United States Attorney's Office*
*Northern District of West Virginia*

W. Craig Broadwater Federal Building and
United States Courthouse
217 West King Street     Phone: (304) 262-0590
Suite 400     FAX: (304) 262-0591
Martinsburg, WV 25401

June 7, 2016

L. Richard Walker, Esq.
Federal Public Defender Office
Northern District of West Virginia
230 West Pike Street, Suite 360
Clarksburg, WV 26301

Re:    United States v. Raimonte Gaston a/k/a "Boog"
        Criminal No. 1:15-CR-77

Dear Richard:

      The United States makes the following offer to your client, Raimonte Gaston a/k/a "Boog" (hereinafter the "defendant"). To accept this offer, the defendant must return a signed copy of this agreement to the United States Attorney's Office **on or before June 10, 2016, at 1:00 p.m.**

      All references to the "Guidelines" are to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

      It is agreed between the United States and your client as follows:

      1.     Defendant will plead guilty to Count Five of the Indictment charging him with Distribution of Heroin, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C).

      2.     The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment for a period of 20 years, a fine of $2,000,000, and at least 6 years supervised release.

_____       6/9/16
Raimonte Gaston a/k/a "Boog,"       Date
Defendant

_____       6/9/16
L. Richard Walker, Esq.       Date
Counsel for Defendant

- 1 -

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. 3013) per felony conviction which must be paid by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3. Defendant will be completely forthright and truthful with regard to the all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. In addition, the United States will move to dismiss the remaining counts of the Indictment in 1:15-CR-77 against the Defendant.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

| | |
|---|---|
| _____<br>Raimonte Gaston a/k/a "Boog,"<br>Defendant | 6/9/16<br>_____<br>Date |
| _____<br>L. Richard Walker, Esq.<br>Counsel for Defendant | 6/9/16<br>_____<br>Date |

7. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a **two-level reduction** for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an **additional one-level reduction**, so long as Defendant executes the plea agreement on or before **June 10, 2016, at 1:00 p.m.** and returns an executed copy to the United States by that day;

   C. The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range; and

8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant drug conduct of the Defendant is **not less than 5 no more than 10 kilograms of marihuana equivalent**. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains

| | |
|---|---|
| Raimonte Gaston a/k/a "Boog," Defendant | Date 6/9/16 |
| L. Richard Walker, Esq. Counsel for Defendant | Date 6/9/16 |

- 3 -

the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

11. Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613.

12. If Defendant's plea is not accepted by the Court or is later set aside, or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

13. The above twelve (12) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. IHLENFELD, II
United States Attorney

By: *[signature]* Shawn M. Adkins   6/10/16
Assistant United States Attorney

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

*[signature]*                                              6/9/16
Raimonte Gaston a/k/a "Boog,"          Date
Defendant

*[signature]*                                              6/9/16
L. Richard Walker, Esq.                Date
Counsel for Defendant

- 4 -